MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent and I would reverse the judgment of the Workers’ Compensation Court finding that the claimant presented his claim for compensation within the time limits set forth in Section 39-71-601, MCA.
In my view, the majority has effectively repealed Section 39-71-601, MCA in those cases where an Employer’s First Report has been filed, and a medical bill has been submitted and paid.
Section 39-71-601 reads as follows:
“(1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.
“(2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.”
The Workers’ Compensation Court Judge in Finding of Fact No. 24, found:
“The insurer, following the 1982 accident, sent and claimant received, atleast two, and probably four, letters which stated as follows:
“ ‘We have been advised you are claiming injury as the result of an accident which occurred on or about the above date. Please complete the enclosed Claim for Compensation in detail and return it immediately.
“ ‘If you were an employee of our insured on the date you were injured, and if your injury arose out of and in the course of your *396 employment, you are entitled to certain medical and disability benefits as set forth by law.
“ ‘If you are disabled for more than five working days and lose wages, you are entitled to disability benefits. Even though you may not lose wages as a result of this injury, you should complete the enclosed form and return to this office. Should you have problems at a later date and this form has not been filed within one year from the date of accident, all future claims for disability may be barred.
“ ‘If you have any questions regarding the benefits due you, please contact this office or the Division of Workers’ Compensation, Helena, Montana.’ ”
The claimant did not respond to the insurer’s request and failed to submit a written claim for compensation until March 6, 1986, more than four years after the injury. The insurer has thirty days from the receipt of the claim for compensation to accept or deny the claim. Section 39-71-606(1), MCA, reads as follows:
“(1) Every insurer under any plan for the payment of workers’ compensation benefits shall, within 30 days of receipt of a claim for compensation, either accept or deny the claim, and if denied shall inform the claimant and the division in writing of such denial.”
In this case, claimant’s counsel took the position originally that because the insurer had not denied the March 6, 1986 claim in writing within 30 days as required by Section 39-71-606, MCA, the insurer should be held to have accepted the claim even though the injury had occurred more than four years earlier.
The majority, by dispensing with the legislated requirement of a written claim for compensation seems to be creating uncertainty in what should be a certain procedure. What incident now triggers the thirty day period for an insurer to accept or deny a claim for compensation? Is it the receipt of the Employer’s First Report, the receipt of a medical bill by the insurer, or a claim for compensation filed many years after the injury?
The majority states that Weigand assisted the Employer in completing the Employer’s First Report but that statement is not supported in the record and was not found by the court. The record shows that claimant’s brother was employed on the same drilling rig and later drove the claimant to the doctor’s office in Wolf Point. It appears that sufficient information was provided to the employer by someone that the First Report could be submitted but this Court has always required more in previous cases.
*397 The Workers’ Compensation Court found that the completion of Form 54 by the claimant would not have given the employer any more information than it already had and suggested that the claimant may have been confused. Claimant’s work history indicates that he had previously filed a Claim for Compensation for a 1978 injury and subsequently had filed a Claim for Compensation for a 1983 injury. That claim history would indicate a certain degree of sophistication and claimant’s failure to respond in any manner to four solicitations of a claim for compensation should be construed to be a voluntary act.
I would defer to clearly expressed legislative intent and construe the claim requirements of Section 39-71-601, MCA, as written, and would reverse the judgment of the Workers’ Compensation Court.